PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $7,520.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $7,600.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $7,500.00 IN U.S. CURRENCY,<br><br>Defendants. | 2:19-MC-00118-WBS-DB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 6, 2019 and February 14, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $7,520.00 in U.S. Currency, Approximately $7,600.00 in U.S. Currency, and Approximately $7,500.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 23, 2019, USPIS received a claim from Deangelo Tines ("Tines" or "claimant") asserting an ownership interest in the

defendant currency.

3. The United States represents that it could show at a forfeiture trial that on February 6, 2019, USPIS conducted a parcel interdiction at the Processing and Distribution Center in West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Express Mail parcel # EE389271901US (Parcel #1). Parcel #1 was addressed to Kyle Andrews, 1055 Blue Ridge Ave, Chico, CA 95973, with the following return address: Shena, 507 Manor Ridge Dr. NW, Rochester, MN 55901.

4. The United States represents that it could further show at a forfeiture trial that the parcel #1 was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that law enforcement searched public record databases and were able to identify a LaShena Tines associated with the return address in Rochester, MN. They were unable to identify a Kyle Andrews associated with the recipient address in Chico, CA. On February 6, 2019, law enforcement called the sender with the number listed on Parcel #1. A male identified himself as Edward Johnson and informed law enforcement he packaged Parcel #1, but put his aunt's name "Shena" on the parcel since she was going to mail it. Mr. Johnson said Parcel #1 contained money when he was informed that a drug detection dog alerted to the parcel. He said the money was a birthday present for his cousin and to help with legal troubles. Mr. Johnson gave consent to search Parcel #1. Inside Parcel #1 law enforcement found a black lock box. Inside the black lockbox they found bundles of cash that emitted a strong odor of marijuana, a key marked "2nd box", preprinted labels with return/recipient addresses, and several pieces of notebook paper. The cash totaled $7,520.00. The currency consisted mainly of $20 bills, making up $7,000.00 of the total $7,520.00. The parcel did not contain any notes, receipts, or instructions.

6. The United States represents that it could further show at a forfeiture trial that after observing the key marked "2nd box", law enforcement conducted a search in the U.S. Postal Service databases and discovered two additional parcels, Priority Mail Express parcel # EE380860503US (Parcel #2) and Priority Mail Express parcel # EE195424773US (Parcel #3), in the mail stream addressed to Kyle Andrews at 1055 Blue Ridge Ave, Chico, CA 95973 coming from Minneapolis, MN. Law enforcement

called Mr. Johnson back and informed him of their findings along with their suspicions of narcotics trafficking associated with the cash.  Mr. Johnson denied involvement in narcotics trafficking and said the money probably smelled like marijuana because he smokes marijuana.  He said he did not know anything about the other two parcels and when asked about the legal troubles his cousin was in, Mr. Johnson hung up the phone.

7. The United States represents that it could further show at a forfeiture trial that law enforcement then called the number associated with the recipient of the parcels.  A male who identified himself as Kyle Andrews answered the phone.  Mr. Andrews said he was expecting $7,000.00 from someone named Deangelo Tines.  Mr. Andrews told law enforcement the money was to purchase a car, but he did not know which car and had not looked yet.  He provided a birth date in the month of October.

8. The United States represents that it could further show at a forfeiture trial that law enforcement then acquired the two additional parcels the following day on February 7, 2019.  Law enforcement attempted to contact the senders but were unsuccessful.  On February 14, 2019, law enforcement obtained a search warrant for both parcels.  Inside Parcel #2, law enforcement found cash totaling $7,600.00.  The currency consisted mainly of $20 bills, making up $6,880.00 of the total $7,600.00.  Inside Parcel #3, law enforcement found cash totaling $7,500.00.  The currency consisted mainly of $20 bills, making up $7,400.00 of the total $7,500.00.  The parcel did not contain any notes, receipts, or instructions.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Deangelo Tines acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this

is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, Approximately $7,520.00 in U.S. Currency and $5,100.00 of the Approximately $7,500.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, Approximately $7,600.00 in U.S. Currency and $2,400.00 of the Approximately $7,500.00 in U.S. Currency shall be returned to claimant Deangelo Tines.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///

///

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  September 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE